IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE FERNANDO AVENDANO-HERRERA (BOP Register No. 56386-177), | § § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:18-cv-2748-K-BN |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE<br>UNITED STATES MAGISTRATE JUDGE**

Petitioner Jose Fernando Avendano-Herrera, a federal prisoner, convicted in this district but, at the time he initiated this action, incarcerated at BOP Great Plains Correctional Institution, in Hinton, Oklahoma, has filed a petition under 28 U.S.C. § 2241 requesting that the two months he spent in ICE custody be credited to his federal sentence. *See* Dkt. No. 3. This resulting action has been referred to the undersigned United States magistrate judge under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should transfer this action to the Western District of Oklahoma.

**Applicable Background, Legal Standards and Analysis**

Petitioner pleaded guilty to illegal reentry after removal from the United States, in violation of 8 U.S.C. § 1326(a) and (b)(1), and, on June 20, 2018, he was sentenced to twenty months' imprisonment. *See United States v. Avendano-Herrera*, No. 3:17-cr-

553-K (01) (N.D. Tex.), Dkt. No. 37 (providing,"pursuant to United States Sentencing Commission, Guidelines Manual, §5G1.3(c) (Nov. 2016), it is this Court's intent for the Defendant to receive a sentence adjustment to account for any time that the Defendant spent in custody beginning on August 4, 2017, that the Bureau of Prisons will not credit under 18 U.S.C. § 3585(b)").

He now claims in his Section 2241 petition that the Bureau of Prisons ("BOP") has miscalculated his sentence and not given him credit for the two months he spent in ICE custody. *See generally* Dkt. No. 3.

"Section 2241 is the proper procedural vehicle if a prisoner 'challenges the execution of his sentence rather than the validity of his conviction and sentence.'" *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992)); *see, e.g., Besic v. Pugh*, No. 4:13 CV 598, 2013 WL 4591843, at *2 (N.D. Ohio Aug. 26, 2013) (denying a similar claim brought under Section 2241 after determining that, there, "[w]hile it is true that Besic was in federal custody while he was detained by ICE, there is no indication in the Petition that he was in 'official detention ... as a result of the offense for which the sentence was imposed'" as "[d]etention by immigration authorities pending deportation is considered civil, rather than criminal, in nature" (quoting 18 U.S.C. § 3585(b)); *see also United States v. Ayala-Villanueva*, Cr. No. 07-00268 JMS (04) & Civ. No. 16-000244 JMS-KSC, 2016 WL 3264245, at *2 (D. Haw. June 14, 2016) ("[A] claim for sentencing credit 'challenges the Attorney General's execution of sentence rather that the district court's imposition.'" (quoting *United States v. Giddings*, 740 F.2d 770, 772

(9th Cir. 1984))).

While the Court expressed its intent through the sentence entered in Petitioner's criminal case that, in addition to any custody credit under Section 3585(b), BOP adjust Petitioner's sentence to account for the time that he spent in custody beginning on August 4, 2017, should Petitioner now be pursuing this relief through Section 2241, that action "must be filed in the same district where [he] is incarcerated." *Pack v. Yusff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). This is because "[d]istrict courts are limited to granting habeas relief 'within their respective jurisdictions.' 28 U.S.C. § 2241(a)" – language that the United States Supreme Court has "interpreted ... to require 'nothing more than that the court issuing the writ have jurisdiction over the custodian.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 495 (1973)).

The Court may transfer a case filed in the wrong district or division "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see also* 28 U.S.C. § 1631; *Middlebrooks v. Smith*, 735 F.2d 431, 432 (11th Cir. 1984) ("Section 1631 is analogous in operation to 28 U.S.C. §§ 1404(a) and 1406(a)."); *Day v. Chandler*, 55 F. App'x 716, 2002 WL 31933183, at *1 (5th Cir. Dec. 20, 2002) (per curiam) ("The Eastern District also properly transferred the petition to the Northern District. *See* 28 U.S.C. §§ 1406(a), 1631."). And the Court may raise this issue *sua sponte*. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

Because, at the time he filed this action, Petitioner was incarcerated at a BOP facility in Hinton, Oklahoma, which is in Caddo County, within the Western District

-3-

of Oklahoma, see 28 U.S.C. § 116(c), the Section 2241 petition challenging the execution of Petitioner's federal sentence should be transferred to the Western District of Oklahoma.

And, to the extent that Petitioner also raises a claim challenging the validity of his conviction, *see, e.g.,* Dkt. No. 3 at 7 ("my lawyer was ineffective legal counsel because he never fight got my rights"), Petitioner's direct appeal is still pending, so a motion under 28 U.S.C. § 2255 – which would be properly filed in this Court – would be premature. A federal prisoner "whose direct appeal of his conviction is presently pending in [the Fifth Circuit is] not entitled to consideration [of his Section 2255 motion] on the merits." *Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972) (per curiam) (citing *Welsh v. United States*, 404 F.3d 333 (5th Cir. 1968), *abrogated on other grounds*, *United States v. Ortega*, 859 F.2d 327, 334 (5th Cir. 1988)); *see also Fassler v. United States*, 858 F.2d 1016, 1019 (5th Cir. 1988) ("[A] criminal defendant may not collaterally attack his conviction until it has been affirmed on direct appeal.").

## Recommendation

The Court should transfer this action to the Western District of Oklahoma, the district in which Petitioner was incarcerated when he his 28 U.S.C. § 2241 petition challenging the execution of his sentence.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 22, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE